UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. V-08-104 |
| | § | |
| ROBERT E. JOHNSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendant's Motion to Suppress Evidence Obtained by Illegal Search and Seizure. (Dkt. No. 25.) After considering the motion, record, and applicable law, the Court is of the opinion that Defendant's motion should be DENIED.

### Background

Defendant is charged in a three count indictment with (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) knowingly carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (3) knowingly and intentionally possessing with the intent to distribute a controlled substance, namely crack cocaine, in violation of 21 U.S.C. §§ 841(1)(1) and 841(b)(1)(B). (Dkt. No. 1.)

Prior to Defendant's arrest and indictment, deputies with the Victoria County (Texas) Sheriff's Office sought a warrant to search Defendant's person and/or residence in connection with a drug investigation. According to the supporting affidavit, signed and sworn by Victoria County criminal investigator Chris I. Garcia ("Garcia"), on the morning of June 19, 2007, a confidential informant told Garcia that he had personally traveled to Defendant's residence and

observed Defendant in possession of a large quantity of crack cocaine over the past several weeks, and that Defendant had engaged in the illicit sale of crack cocaine from his residence. (Dkt. No. 25, Ex. A at 1.) That afternoon, via visual and audio surveillance, Garcia and other officers from Victoria Police Department, Cuero Police Department, and Victoria County Sheriff's Office monitored the confidential informant as he entered Defendant's residence and purchased 11 rocks of crack cocaine from Defendant using $100 in official Victoria County Sheriff's Office Buy funds. (*Id.* at 2.) Based on these facts, Garcia determined there was probable cause to believe that Defendant was knowingly in possession of a controlled substance within his residence. (*Id.*) Later that day, a Victoria County magistrate authorized the search warrant. (*Id.* at 3.) The warrant identified the property to be seized as "drugs kept, prepared, or manufactured in violation of the laws of this state to wit Cocaine" and "other paraphernalia, implements, and instruments used in the commission of the offenses of possession and delivery of Cocaine." (*Id.* at 1 ¶ 3.) That same day, deputies with the Victoria County Sheriff's Office executed the search warrant and seized evidence including approximately 10.84 grams of crack cocaine from Defendant's residence.

Defendant now asks the Court to suppress the following matters at trial: (1) tangible evidence seized during the search of Defendant's residence, including, but not limited to, the approximately 10.84 grams of cocaine and other items;[1] (2) evidence relating to Defendant's arrest, including any testimony by the arresting officers; (3) written and oral statements made by Defendant; and (4) wire, oral, or electronic communications intercepted in connection with this case. (Dkt. No. 25.)

---

1. Defendant's Motion to Suppress repeatedly refers to "the items set out in Exhibit 'B'" as also being seized during execution of the search warrant, but no such exhibit was attached to Defendant's motion.

**Discussion**

Defendant sets forth two grounds for which he claims the evidence seized during the search of his residence should be suppressed: (1) the affidavit upon which the warrant was based was improperly and illegally executed, and (2) the warrant was illegally issued because the supporting affidavit does not reflect sufficient probable cause to justify the issuance of the warrant. (Dkt. No. 25 at 2.)

For a search to be constitutional, it must be "reasonable." *Vernonia School Dist. v. Acton*, 515 U.S. 646, 653 (1995). A search is reasonable if there is probable cause and a warrant or an exception to the warrant requirement applies.[2] *See Katz v. United States*, 389 U.S. 347, 357 (1967) (stating that any search conducted without a warrant issued by a judge or magistrate pursuant to a showing of probable cause is "per se unreasonable" when no exception to the warrant requirement exists).

A law enforcement officer who seeks to have a search warrant issued must present an affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239 (1983). Probable cause exists when "given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. Thus, the supporting affidavit must make it apparent that there is some "nexus . . . between the items to be seized and the criminal behavior" under investigation. *Warden v. Hayden*, 387 U.S. 294, 307 (1967). *See also United States v. Munroe*, 421 F.2d 644, 645 (5th Cir. 1970), (requiring "a nexus between the items seized and the criminal investigation being undertaken").

---

2. No argument has been made in the present action that an exception to the search warrant requirement exists.

The Court finds no merit to Defendant's claim that the supporting affidavit was improperly and illegally executed. Defendant has not made the requisite "substantial showing" by a preponderance of the evidence that the statements made in the affidavit supporting the search warrant at issue were false or made with reckless disregard for their truth. *Franks v. Delaware*, 438 U.S. 152 (1978).  Likewise, the Court finds no merit to Defendant's claim that the supporting affidavit does not reflect sufficient probable cause to justify the issuance of the warrant. Upon extensive examination of the affidavit, the Court finds the affidavit provides sufficient grounds for a magistrate to make an independent determination that probable cause existed at the time the warrant was issued. *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992).  The affidavit details sufficient facts to support a probable cause finding, including the information provided by the confidential informant with whom Garcia had found "credible and reliable on numerous occasions," as well as the controlled purchase of crack cocaine by the same informant at Defendant's residence within the previous 24 hours.

## Conclusion

The Court finds that the search and seizure were conducted within the bounds of the Fourth Amendment. Defendant's Motion to Suppress Evidence Obtained by Illegal Search and Seizure (Dkt. No. 25) is hereby **DENIED.**

It is so **ORDERED.**

**SIGNED** this 12th day of March, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE